631 S.E.2d 531

**In the Matter of Randolph FRAILS, Respondent.**

No. 26165.

Supreme Court of South Carolina.

Heard May 2, 2006.

Decided June 12, 2006.

---

146

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara Seymour, Senior Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Desa Ballard and Jason B. Buffkin, both of West Columbia, for Respondent.

PER CURIAM:

In this attorney-discipline matter, Respondent concedes that he violated the following Rules of Professional Conduct: Rules 1.1 (requiring competence), 1.3 (requiring diligence), and 5.5 (prohibiting the unauthorized practice of law).[1] Because Respondent violated Rule 5.5 while he was suspended by order of this Court, the Office of Disciplinary Counsel (ODC) recommends that we hold Respondent in contempt. We do not hold Respondent in contempt, and as recommended by the Panel of the Commission on Lawyer Conduct (the Panel), we find that a sixty-day definite suspension, credited against Respondent's previously served six-month interim suspension, in addition to payment of the costs of the proceeding, is an appropriate sanction.

## FACTS

Respondent is a member of the South Carolina Bar and of the Georgia Bar. His office is in Augusta, Georgia, and almost all of his practice is in Georgia. A small percentage of his practice has been conducting closings on South Carolina realty from his office in Georgia.

Although he had completed the requisite hours, Respondent failed to file a Continuing Legal Education (CLE) report for 2001. In addition, he failed to pay his 2002 South Carolina Bar dues.

A certified letter from this Court that was sent to Respondent's Augusta address informed him that he had been administratively suspended from the practice of law in South Carolina. An employee signed for this letter, but Respondent was never made aware of it.

---

1. Rule 407, SCACR.

Soon thereafter, Respondent conducted a closing in Georgia for Mr. and Mrs. Samuel Williams (the Williamses) on South Carolina realty. The deed was to be recorded by Respondent in Aiken County.

Shortly after the closing, we issued an order suspending Respondent and other members of the Bar for failing to file 2001 CLE reports. The order was not served on Respondent, but it was published in the advance sheets. Respondent did not subscribe to the advance sheets, so he did not become aware of the order.

A few months later, Respondent realized that he was no longer receiving mailings from the South Carolina Bar, and he concluded that his South Carolina license had lapsed. He made no inquiry to confirm his conclusion, nor any effort to revive his license. He did not submit his already late CLE report for 2001, or pay his overdue bar dues for 2002. Further, he later failed to submit a CLE report for 2002, and failed to pay his 2003 dues.

Respondent continued to conduct closings on South Carolina property from his office in Georgia. In connection with those closings, he continued to record deeds in South Carolina courthouses.

In August 2003, ODC contacted Respondent about a complaint filed by the Williamses regarding the closing Respondent had conducted for them. In the complaint it was alleged that Respondent had not recorded the deed until nine months after the closing and that Respondent's South Carolina license was not active at the time of the closing. Respondent informed ODC that he believed his license was active when he conducted the closing for the Williamses. Around this time, Respondent ceased conducting closings on South Carolina realty and recording documents in South Carolina courthouses.

In November 2003, ODC filed a Petition for Interim Suspension and Rule to Show Cause why Respondent should not be held in contempt for violating our suspension order by continuing to conduct closings. We placed Respondent on interim suspension and issued a Rule to Show Cause. After Respondent appeared before us, we decided to hold the con-

tempt matter in abeyance until resolution of the Williams matter.

In June 2004, we granted Respondent's petition to be reinstated. He had submitted all of his late CLE reports and paid all bar dues. Our decision did not affect the Williams complaint or the contempt matter, which were still pending.

After a hearing on the Williams matter, the Panel found that Respondent had failed to competently and diligently handle the Williams closing, in violation of Rules 1.1 and 1.3 of the Rules of Professional Conduct. The Panel therefore found that Respondent was subject to discipline pursuant to Rule 7(a)(1), RLDE, Rule 413, SCACR.

The Panel also found that Respondent had violated Rule 5.5, RPC, Rule 407, SCACR, by conducting real-estate closings while his license was suspended. Not only did Respondent violate the rule, but also he violated an order of this Court. This all stemmed from his failure to pay bar dues as required by Rule 410, SCACR, which led to his administrative suspension pursuant to Rule 419, SCACR.

Based on these findings, the Panel recommends that Respondent receive a definite suspension of sixty days. The Panel further recommends that Respondent be credited for his time under interim suspension—more than six months— meaning the Panel recommends "that no further period of suspension be imposed." The Panel also recommends that Respondent be ordered to pay the costs of the proceedings, five hundred forty-four dollars and fourteen cents.

## FINDINGS AND SANCTION

 Noting Respondent's agreement, we adopt the findings of the Panel concerning the violations of the Rules of Professional Conduct. We do not hold Respondent in contempt for violating our suspension order, because we find that Respondent did not do so willfully. *See In re Brown*, 333 S.C. 414, 420–21, 511 S.E.2d 351, 354 (1998) (noting that contempt requires willful conduct) (citations omitted). Respondent should have made some effort to determine whether he was engaging in the unauthorized practice of law, but we find he genuinely believed that he was not.

■ We also adopt the Panel's proposed sanction. Respondent is definitely suspended for sixty days, but this suspension is credited against his more-than-six-month interim suspension. Respondent shall pay the costs of the proceeding below, five hundred forty-four dollars and fourteen cents, within thirty days.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.